# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

MICHAEL J. CANNIVET, individually and as parent and next friend of B.C., a minor; and CATHERINE CANNIVET, individually and as parent and next friend of B.C., a minor,

     Plaintiffs,

-vs-               Case No. 2:07-cv-425-FtM-DNF

DISTRICT SCHOOL BOARD COLLIER COUNTY,

     Defendant.

_____

# ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS (Doc. No. 39)** |
| **FILED:** | **March 13, 2009** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On July 2, 2007, the Plaintiffs, Michael Cannivet and Catherine Cannivet, individually, and as parents and next friends of B.C., a minor filed a Complaint (Doc. 1) against the District School Board of Collier County. The Plaintiffs alleged that the Defendant violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400; the Rehabilitation Act of 1973, 29 U.S.C. §7943; the Americans with Disabilities Act, 42 U.S.C. §12132; the Civil Rights Act, 42 U.S.C. §1983; and the

Florida Civil Rights Act. The Plaintiffs claimed that the Defendant failed to provide a free appropriate educate to B.C.

The Court bifurcated the case and addressed the IDEA portions of the case first and stayed all other causes of action until the IDEA portion was concluded. (See, Case Management and Scheduling Order, Doc. 23). The Court provided the Plaintiffs wide latitude in allowing time for them to file their Findings of Fact and Conclusions of Law. The Plaintiffs' Findings of Fact and Conclusion of Law were to be filed by July 1, 2008. The Court granted four extensions of time with March 9, 2009 being the final date for the Plaintiffs to file their Findings of Fact and Conclusions of Law. (Doc. 28, 30, 33 and 38). No Findings of Fact and Conclusions of Law have been filed by the Plaintiffs. On January 2, 2009, the Court entered an Order to Show Cause (Doc. 34) indicating that the Court would dismiss this action if the Plaintiffs failed to file their Findings of Fact and Conclusions of Law. Again on February 9, 2009, the Court cautioned the Plaintiffs that if they did not file their Findings of Fact and Conclusions of Law by March 9, 2009, the Court would dismiss this action for failure to prosecute. (See, Doc. 38).

On March 13, 2009, the Defendant filed a Motion to Dismiss (Doc. 39). No response was filed by the Plaintiffs to the Motion to Dismiss. The Defendant is requesting that the Court dismiss this action for failure to comply with Court Orders and failure to prosecute.

Local Rule 3.10(a) provides that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." The Plaintiffs have failed to prosecute this action by failing to

file their Findings of Fact and Conclusions of Law and by failing to comply with Court Orders. Therefore, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED:**

The Clerk is directed to enter judgment pursuant to this Order, terminate all pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this  31st  day of  March, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record